## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 17-1267 |
| U.S. GENERAL SERVICES<br>ADMINISTRATION,<br>1800 F Street NW<br>Washington, DC 20405 | ) ) ) ) ) | |
| *Defendant.* | ) ) | |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. General Services Administration under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia, and its application for § 501(c)(3) status is pending with the Internal Revenue Service.

6.      Defendant the U.S. General Services Administration (GSA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. GSA has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.      On or about February 7, 2012, GSA selected the Trump Organization as the preferred developer for the Old Post Office building and annex in Washington, DC.

8.      On or about August 5, 2013, Trump Old Post Office LLC entered into a contract with GSA for the development of the Trump International Hotel at the Old Post Office building.

9.      Article 37.19 of the lease agreement provides:

> No member or delegate to Congress, or elected official of the Government of the United States or the Government of the District of Columbia, shall be admitted to any share or part of this Lease, or to any benefit that may arise therefrom . . . .

10.     Ethics experts and members of Congress have raised concerns regarding the propriety of President Trump's continued financial interest in the Trump International Hotel at the Old Post Office building.

11.     On information and belief, Norman Dong, a career civil servant at GSA, was selected to serve as acting administrator of GSA by the outgoing administrator, Denise Turner Roth.

12.     On information and belief, Mr. Dong became acting administrator on January 20, 2017.

13.     On information and belief, later in the day on January 20, 2017, Mr. Trump appointed Timothy Horne, another career civil servant at GSA, to replace Mr. Dong as acting administrator.

14.     On or about March 23, 2017, GSA released a letter in which it concluded that Trump Old Post Office LLC "is in full compliance with Section 37.19 and, accordingly, the Lease is valid and in full force and effect."

*Trump Hotel FOIA*

15.     On March 31, 2017, American Oversight submitted a FOIA request to GSA seeking access to the following records on an expedited basis:

> 1)  Any correspondence with Mr. Donald Trump or Trump Old Post Office LLC (including anyone acting on behalf of, or with a financial interest in, either Mr. Trump or Trump Old Post Office LLC) during the presidential campaign regarding the potential impact of Mr. Trump's candidacy on the lease for the Old Post Office Building.
>
> With respect to item (1), please provide all responsive records from June 16, 2015, to November 8, 2016.
>
> 2)  Any correspondence with President Donald Trump or Trump Old Post Office LLC (including anyone acting on behalf of, or

with a financial interest in, either Mr. Trump or Trump Old Post Office LLC) after the 2016 presidential election regarding the impact of the election on the lease for the Old Post Office Building.

3) Any correspondence with Mr. Donald Trump or Trump Old Post Office LLC (including anyone acting on behalf of, or with a financial interest in, either Mr. Trump or Trump Old Post Office LLC) about any proposed or actual approach to addressing the conflict of interest caused by Mr. Trump's interest in the Old Post Office Building lease.

4) Monthly reports, beginning with November 2016, submitted to GSA by Trump Old Post Office LLC describing revenues and expenses.

5) Any correspondence from Trump Old Post Office LLC, or anyone acting on behalf of that company, addressing how that company is addressing any liens taken against the Trump International Hotel in Washington, DC, or documentation of any subsequent GSA action to resolve these liens.

6) Any correspondence with representatives of Trump Old Post Office LLC or the Trump transition team regarding the lease, the apparent breach of the lease, the monthly financial reports, or the ownership structure of the Trump Old Post Office LLC.

With respect to items (2)-(6) above, please provide all responsive records from November 9, 2016, through the date the search is conducted.

7) Correspondence from Adam L. Rosen on December 16, 2016, and December 29, 2016, to GSA, referenced in the attached letter from GSA to Mr. Rosen.

16.    GSA assigned the request tracking number GSA-2017-000812.

17.    GSA granted expedited processing as requested under 5 U.S.C. § 552(a)(6)(E)(1) and 41 C.F.R. § 105-60.402-2(c).

18.    GSA has not informed American Oversight of the agency's determination with regard to the Trump Hotel FOIA request.

*Transition Team FOIA*

19.    On April 5, 2017, American Oversight submitted a FOIA request to GSA seeking

access to the following records on an expedited basis:

> 1) All records reflecting communications (including emails,
>    telephone call logs, calendar entries, meeting agendas, or any
>    other records reflecting communications) between GSA and any
>    member of the Trump transition team. Please provide all
>    responsive records from November 8, 2016, through January 20,
>    2017.
>
> 2) The Memorandum of Understanding provided by the Trump
>    transition team to the GSA.

20.    GSA assigned the request tracking number GSA-2017-000827.

21.    GSA granted expedited processing as requested under 5 U.S.C. § 552(a)(6)(E)(1)

and 41 C.F.R. § 105-60.402-2(c).

22.    GSA has not informed American Oversight of the agency's determination with

regard to the Transition Team FOIA request.

*Acting Administrator FOIA*

23.    On April 5, 2017, American Oversight submitted a FOIA request to GSA seeking

access to the following records on an expedited basis:

> 1) All records reflecting communications between Timothy O.
>    Horne (current Acting Administrator), Anthony Costa (current
>    Acting Deputy Administrator), and Jack St. John (current Chief
>    of Staff), or any individual acting on their behalf, and
>    Mr. Donald Trump, Trump Old Post Office LLC, or any
>    individual acting on behalf of those entities.
>
>    Please provide all responsive records from June 16, 2015, to
>    March 23, 2017.

24.    GSA assigned the request tracking number GSA-2017-000828.

25.     GSA granted expedited processing as requested under 5 U.S.C. § 552(a)(6)(E)(1) and 41 C.F.R. § 105-60.402-2(c).

26.     GSA has not informed American Oversight of the agency's determination with regard to the Acting Administrator FOIA request.

*Agency Inaction*

27.     On June 16, 2017, American Oversight sent an email to GSA seeking an update on the status of the three FOIA requests.

28.     American Oversight has not received a response to its request for a status update.

29.     As of the date of this Complaint, GSA has failed to (i) notify American Oversight of any determination regarding the requests, including the scope of any responsive records GSA intends to produce or withhold and the reasons for any withholdings; or (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

30.     Through GSA's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Records

31.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

32.     American Oversight properly requested records within the possession, custody, and control of the GSA.

33.     GSA is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

34.     GSA has failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's requests.

35.     GSA's failure to conduct an adequate search for responsive records violates FOIA.

36.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant GSA to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records**

37.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

38.     American Oversight properly requested records within the possession, custody, and control of the GSA.

39.     GSA is an agency subject to FOIA and must therefore release in response to a FOIA requests any disclosable records and provide a lawful reason for withholding any materials.

40.     GSA is wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

41.     GSA's failure to provide all responsive records violates FOIA.

42.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring GSA to promptly produce all non-exempt records responsive to its FOIA

requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendant to produce, by such a date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.


Dated: June 28, 2017                                    Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003
John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
cerissa.cafasso@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*